The next case on our call this morning is case number 102-694 and 103-405, Edward Hennings et al. v. Nedra Chandler et al. Mr. Fisher, are you ready to proceed? You may proceed. Good morning, Your Honors. May it please the Court, Counsel. My name is Mark Fisher. I represent the habeas petitioners in this case, Edward Hennings and Vincent Patterson. Mr. Hennings is serving an extended term of 12 years' imprisonment for burglary imposed in Will County. Mr. Patterson is serving a sentence of life imprisonment for first-degree murder imposed in Cook County. Both men filed pro se state habeas corpus petitions, arguing that the extended or enhanced portions of their sentences were void and that their sentences should be reduced to non-extended terms, further arguing that if their sentences were so reduced, that they would be entitled to immediate release from the Illinois Department of Corrections. The Circuit Court's sua sponte dismissed the habeas petitions, and the Appellate Court, the Third District in Hennings' case and the First District in Patterson's case, affirmed the sua sponte dismissals. Hennings and Patterson maintain that the Illinois habeas corpus statute does not specifically provide for sua sponte dismissal, at least without advance notice to the petitioner and leave to amend. The petitioners therefore maintain that the Circuit Courts exceeded their authority by entering the sua sponte dismissals, and consequently the petitioners respectfully asked this Court to reverse the decisions of the Appellate Court to vacate the sua sponte dismissal orders and to remand these causes to Will and Cook Counties for further proceedings on the pro se petitions. Mr. Fischer, over here. Yes, Your Honor. Our case of People v. Vincent, this Court held that the trial court may summarily dismiss the section 214.01 petition. And I know your first argument is, well, this isn't a 214.01 petition, but it appears that all of the arguments that the defendant makes here against sua sponte dismissals were categorically rejected by Vincent. Well, an important distinguishing factor, I believe, between Vincent and the cases at bar, is that in Vincent this Court found that the respondent made a conscious decision not to file a written response to the 214.01 petition. And therefore this Court ruled in Vincent that the case was ripe for adjudication on the pleadings. In contrast to Vincent, the pro se petitions in the cases at bar were dismissed at ex parte hearings roughly about three weeks after the petitions were filed. And it does not appear that the respondents made conscious decisions not to respond. In fact, under the respondent's interpretation of Section 10-106 of the Habeas Corpus Act, it would appear that the respondent doesn't even have the opportunity to respond or the ability to respond to a habeas petition until the judge first issues the writ of habeas corpus. Consequently, in contrast to Vincent, these cases were not ripe for adjudication on the pleadings. And therefore the petitioners submit that these cases are distinguishable in an important way from this Court's decision in People v. Vincent. Certainly following well-accepted rules of statutory construction, this Court should give a careful and a narrow reading to the habeas corpus statute and should not read into the statute language which does not appear there. Again, the petitioners submit that the language of the habeas corpus statute does not specifically provide for sua sponte dismissal, at least without advance notice to the petitioner and leave to amend. What about speaking of statutory construction? 10-106 clearly provides, unless it shall appear from the complaint itself. How about that language? And that's certainly a provision on which the respondents rely on appeal. Petitioners do dispute the respondent's construction of 10-106. Petitioners submit, for example, that that language is not at all similar to, say, the language in the Post-Conviction Hearing Act, which plainly allows for summary or sua sponte dismissal if the judge finds a petition to be frivolous or patently without merit. However, the petitioners would submit to this Court that even if Your Honors agree with the state's construction or the respondent's construction of section 10-106, that even if that provision does allow for sua sponte dismissal, it does not specifically provide for sua sponte dismissal absent advance notice to the petitioner and leave to amend. It's silent on the issue of notice, isn't it? I'm sorry, Your Honor? It's silent on the issue of notice. Notice is not required by the statute either, is it? It doesn't specifically require a notice. On the other hand, it doesn't specifically... But if that's the very construction, we should read that into the statute? Well, the petitioners ask this Court to look to certain provisions in the Civil Practice Act, which, of course, the Habeas Corpus Act falls under the Civil Practice Act, one of those provisions being section 2-615A, on which the Second District Appellate Court in People v. Winfrey relied when it found that the Habeas Corpus Act does not allow for sua sponte dismissal absent advance notice and leave to amend. Now the respondents argue that we have an either-or situation, that either 2-615A, which seems to allow for amendment by the petitioner in an attempt to state a viable cause of action, that either 2-615A applies or section 10-106 applies, and the respondents argue that 10-106 trumps 2-615A. In the event that this Court agrees with the respondents that 10-106 does allow for sua sponte dismissal, the petitioners would respectfully ask this Court to read 10-106 in conjunction with section 2-615A to provide a procedure where if the judge finds a pro se petition to be frivolous or otherwise inadequate, that prior to dismissing the petition, the judge must first give notice to the petitioner of his finding that the petition is inadequate to state a cause of action, and to advise the petitioner that the judge intends to dismiss the petition by a date certain unless prior to that date the judge receives from the petitioner an amended petition which the judge finds states a viable cause of action necessitating further proceedings. In keeping with Justice Freeman's theme here, there are many cases in the State and Federal Court that have indicated that the sua sponte dismissal is appropriate under the Act as a result of the wording that I've articulated under the Act. Any of those cases involve or talk about the notice, the juxtaposition of the notice requirement? None that I'm aware of. Of course, the petitioners maintain that since this case obviously involves the Illinois statute, that it's up to this Court to construe the Illinois statute, important to the citizens of this State, that this Court rely on its own interpretation of the statute. Petitioners submit that this reading of the statute requiring advance notice and allowing for leave to amend would honor both 10-106, certainly the respondent's construction of 10-106, would also honor section 2-615A. Further, the petitioners submit that it would serve the goals of fundamental fairness and of justice and would seek to protect the important liberty and trust which is at the heart of the habeas corpus statute, that being liberty from unlawful confinement. Counsel, if the Court summarily dismissed this petition, what's to prevent the defendant from next week filing another one that adds more information? Certainly, under the language of the habeas statute, it does not appear that there's anything in particular that would prevent that, unlike, say, the post-conviction statute. Because if you say, if a person is being illegally detained, even if it's denied today, they're illegally detained tomorrow, so they would have the ability to bring it again to the Court's attention. It would appear that that is true. One point that I would make is that under 730 ILCS 3-63, subsection D, the provision allowing the Department of Corrections to revoke good time from a prison inmate, if it's found that the inmate has filed a frivolous petition, by its language, that provision does include habeas corpus filings. So, for example, a petitioner could be subject, a petitioner who files a habeas petition who's in the Illinois Department of Corrections, certainly could be subject to losing good time if his petition is found to be frivolous and is dismissed for that reason. So that certainly would be an adverse consequence. Although Your Honor is correct that, say, in contrast to the post-conviction statute, it does not appear that an individual would be barred from filing a successive state habeas corpus petition. Petitioners would also like to say another word about this Court's decision in People v. Vincent. In Vincent, this Court stated that there were built-in safeguards against the erroneous sua sponte dismissal of a 214-01 petition, one of those safeguards being the petitioner's right to seek rehearing and to possibly file an amended petition, which might state a viable cause of action under Section 2-1401. Now, the petitioners submit that if, through rehearing, a petitioner may be allowed to file an amended petition after the dismissal order is entered, it would be a better practice to allow the individual to file such a petition, an amended petition, if, in fact, he's able to do so prior to the dismissal order. Furthermore, since many, if not most, of these petitions are filed by individuals who have very little of any legal training, the chances are that most of these individuals probably wouldn't even be aware of the possibility of seeking rehearing or filing an amended petition. Certainly, when a petition is dismissed and the individual petitioner receives notification from the circuit court, that notification typically advises the petitioner that the petition was dismissed on thus and such a date and he now has 30 days in which to file a notice of appeal. Typically, that notification from the circuit court does not advise him of the opportunity to seek rehearing or to file an amended petition. Therefore, again, the petitioners submit that it would serve the goals of justice and fundamental fairness and also, again, seek to protect the important liberty right that is at the heart of the habeas statute. If the judge believes the petition to be frivolous or otherwise inadequate, that the judge first notify the petitioner of that fact and give him leave to amend by a date certain to give the petitioner an opportunity, if in fact it's at all possible, to file an amended petition stating a viable cause of action under the habeas corpus statute. And for all of these reasons, the petitioners respectfully ask your honors to reverse the decisions of the appellate court to vacate the sua sponte dismissal orders and to remand these causes to the circuit court. What does the notice say? Give him notice. Does it simply give him notice that it's been discharged and he has 30 days to amend, if he wishes? Or does it say, does it lay out what is missing in the original? Well, I think at the very least it should give notice that the judge finds it to be inadequate. Now the petitioner has so many days to file an amended petition if he so chooses. Certainly, I think it would be better. Clearly more informative if the judge were allowed to give not pointers as to how to make it better. I believe we should examine every mailing that comes out of the prison. By what I'm about to say, I don't mean anything other than this. The fact of the matter is these documents get entitled without any thought of what the content is. And that's certainly a problem. Whether it's a 1401 or whether it's a PC or whether it's a habeas, they kind of do get scrambled up together in pro se pleadings. In the habeas situation, we're simply trying to decide whether there's an adequate claim to pursue the matter further. How is giving him notice going to change that? Change what he's alleged in the first place? Do you have some other fact that he didn't decide to give the first time through or what? I guess my real question is this. How does this notice in the real world really give any significant number of defendants relief at all? I think it really depends on the individual case. As I say, I think this procedure would allow a petitioner to file an amended petition where a petitioner can, in fact, amend the petition to state a viable cause of action. Certainly, as to many petitioners, that is not going to be possible. It's not going to be possible to file an amended petition that will state a cause of action. But I think in some cases that possibility exists just as it exists with respect to 214.01 petitions or post-conviction petitions. Again, in Vincent, this Court recognized the possibility of some petitioners being allowed through rehearing to seek to file an amended petition, recognizing that that possibility does exist in some cases. Justice Garmon, in the case of the habeas corpus, the petitioner doesn't even need that because the petitioner can refile the next week if he or she chooses to do, which is even better than the remedy given in Vincent. And that's true, as I've stated. One downside, one disadvantage to the petitioner is if his petition is dismissed as frivolous, he could suffer loss of good time in the Department of Corrections. I suppose, as well, another possible disadvantage is that a petitioner who files a new petition within a very short period of time after his first petition has been dismissed, the judge is likely going to be perhaps somewhat suspicious about another petition being filed by the same individual in a short period of time. Again, I don't propose to this Court that every petition that is found to be inadequate will be able to be amended to state a cause of action, but to the extent that some petitions can be amended to state a viable cause of action, I think it's better to give the petitioner that ability, that option, prior to dismissal rather than after dismissal. And that's why the petitioners respectfully ask this Court for further proceedings on their petitions. Mr. Fisher, you are just asking for that relief. You're not asking us to consider the petitions in this case on the merits. No, Your Honor. No, Your Honor. Thank you, Mr. Fisher. Thank you, Your Honors. Ms. Saunders. Good morning. Katherine Saunders from the Office of the Attorney General on behalf of the Defendant Warden in this case, Nedra Chandler, and the people of the State of Illinois. Dismissal of these habeas corpus complaints was proper both under Article 10 of the Code of Civil Procedure, where you find the habeas corpus law and Article 2, the civil practice law, because the specific procedural provisions of Article 10 would control over the general procedural provisions in Article 2. I'd like to begin by discussing procedure under Article 10 and then look at procedure under Article 2, and then finally I'll explain why dismissal of these particular complaints was appropriate under either or both of those sections. Under Article 10, Section 106 provides for an initial review of a habeas corpus complaint and requires the court to dismiss it if it's clear that the plaintiff's simply not going to be entitled to habeas relief. I'm not going to read the entire section to you, but I'll paraphrase. It basically says that unless it's clear from the complaint and the supporting documentation that the plaintiff's not entitled to habeas corpus relief, the court shall order relief by habeas corpus. It is phrased in favor of a grant of habeas corpus, but if it's clear that the plaintiff's not going to be able to state a claim, the court has to deny the order and dismiss the petition. And then where Section 106 says award relief by habeas corpus, that doesn't mean that the court is declaring that the inmate's detention is somehow unlawful or decreeing his freedom. It's simply a procedural device that initiates adversarial proceedings and requires the defendant warden to file a return and to produce the body of the plaintiff, just as an order of habeas corpus to testify requires the custodian to produce the body of a prisoner to give testimony in a court proceeding. And there is, as my opponent explained, there is no, our interpretation of the statute, there is no defense input at this initial review under Section 106. There will not be a responsive plea. None is called for at this point. The warden's not called to file anything at all, a responsive return, unless and until the petition clears that initial hurdle under Section 106. If relief is allowed, then the habeas order is directed to the custodian, generally in these cases the warden, and served upon the warden in the manner specified in Section 111, and then the warden must then make his return, which has to state whether he has custody of the petitioner, the cause of that custody, and he must attach a copy of the order authorizing that custody. Concerning this section, this Court has held, though, that the habeas order does not issue as a matter of course, and that the, this is phrased in the previous language when there were writs of habeas corpus, which of course have been replaced by orders now, but the writ should never issue unless a petition is presented that's in substantial compliance with the statute and shows upon its face that the plaintiff's entitled to his discharge. And this procedure is the same as that that's applicable in Section 2254 cases in the federal courts and in the procedure in other states. So when a state prisoner files for federal habeas relief in a Section 2254 case, the matter is assigned to a judge who has to make an initial review of the petition and supporting exhibits and determine whether it states a claim. And if it does not, if it's clear from the petition and the supporting exhibits that he's not entitled to habeas relief, Rule 4 of the Rules Governing Section 2254 cases requires that the judge dismiss it at that point. And the respondent warden is never called upon to respond to that petition. Similarly, as we cite in our brief, this is the same procedure that applies in other states. Courts of other states have held that where the complaint is not in substantial compliance with the statute and doesn't show upon its face that the plaintiff's entitled to discharge, the judge has to dismiss and the order does not issue. Turning to Article 2, dismissal is clearly appropriate under the civil practice law following this Court's decision in People v. Vinson. In Vinson, at issue was whether the trial court could properly dispose of a 214-01 petition absent the benefit of responsive pleadings and without giving the plaintiff notice and opportunity to respond in advance of the judge's impending ruling. This Court held that no responsive pleading was required, that responsive pleading was not required in a 214-01 action any more than it was in any other civil action. Instead, what happens is the failure to file that responsive pleading simply constitutes an admission of all the well-pleaded facts in the complaint. And the judge proceeds to determine the case based upon the pleadings, exhibits, and the record of prior proceedings. The Court also held that the plaintiff's not entitled to notice or opportunity to respond, reasoning that he not denied access to the courts because he was able to file his petition and have a judge look at it, and that there are adequate procedural safeguards to guard against erroneous, sua sponte dismissals such as re-hearing or appeal. And as Justice Garmon pointed out, unlike 14-01 petitions or post-conviction action, there is no time limit or limit on the number of habeas corpus complaints one may file, so the danger of an erroneous sua sponte dismissal is even less in such an action. The holding in Vincent should logically extend to habeas corpus actions. That is, if in fact this Court finds that, disagrees that Section 106, that dismissal was improper under 106, dismissal would be proper under Article II. Finally, a dismissal of Mr. Pennington and Mr. Patterson's complaints was correct on the facts of this case because it was apparent, applying these procedures, that they were not entitled to relief. It's important here to keep in mind, too, how narrow a remedy habeas corpus is. It's not a substitute for direct appeal. It's not, as it's frequently used, a remedy of last resort to be filed when the time is run for filing post-conviction or 214-01 actions. At its core, habeas is about whether the Court had the power to enter the judgment, not whether that judgment was correct. In Section 124, the habeas corpus statute provides seven instances in which a plaintiff may be discharged, and they generally fall into two categories. Either the trial court lacked personal or subject matter jurisdiction, or some post-conviction occurrence entitled the plaintiff to his immediate release. Mr. Hennings alleged that the trial court had exceeded its jurisdiction by sentencing him to a term in excess of the seven-year sentence applicable to burglary, a Class II felony. In accordance with Section 106, the Will County trial judge looked at the complaint, he looked at the minimus, found that Mr. Hennings was sentenced, in fact, as a Class X offender. He received a 12-year sentence, which was within the range of the 6-30-year sentence applicable to Class X offenders, and therefore that his sentence does not exceed the maximum term. In other words, the trial judge, in accordance with 106, undertook that initial review, found that as a matter of law, Mr. Hennings was simply not entitled to habeas relief and correctly dismissed it. As to Mr. Patterson, he alleged that his life sentence was based upon a statutory aggravating factor that was not in effect when he committed the murder in 1981. And he said that violated the ex post facto clauses of both the state and the federal constitution. But it was plain from the face of Mr. Patterson's complaint that he too was not entitled to habeas relief because he hadn't alleged a lack of jurisdiction, and it was clear that the time during which he could be detained had not expired because he was serving a life sentence. Instead, Mr. Patterson's claim alleging a constitutional violation was really assertable only on direct appeal or in a post-conviction action. And therefore, the trial court properly dismissed it. If there are no further questions, I'd conclude by saying that plaintiff's complaints simply failed to state a complaint for claim for habeas corpus relief, and that either under Article 10 or Article 2, sua sponte dismissal was appropriate, and we would ask that this court affirm the judgment of the appellate court. Thank you. Ms. Saunders, just one question. Ms. Saunders, one question. You mentioned in your briefs that Mr. Hennings, I think, is scheduled to be released this Friday. Is that still the case? I am less certain about that. I spoke with the records supervisor at Shawnee Correctional, where he is currently incarcerated, and it became clear during the course of our conversation that his MSR term, he had been inadvertently sentenced to, or they had been calculating his sentence based on a two-year MSR term, based on the fact that burglary is normally a two-year, a Class II felony. They informed me that they would have to recalculate his release date, so I do not know. As of last night, they had not recalculated his release date. I'd be happy to file something with the court when I become aware of his new release date. Thank you, Ms. Saunders.  Thank you, Your Honors. I would like to briefly address Justice Kilbride's question. Although I was remiss in not citing this case in the reply brief, there is a one-way case law holding that an individual is entitled to seek habeas relief even if he is serving MSR. If Your Honors would like, I can certainly file a motion to add authority. A case that I found was People x Rel Yoder v. Hardy, which was a decision of the Fifth District Appellate Court from 1983, and so, of course, even if Mr. Hennings is released during the pendency of this appeal, if he's still serving his MSR according to that case, he would still be entitled to seek relief. Of course, again, Mr. Patterson is serving a life sentence, and so this Court must decide the issue regardless. The only other point that I would make in rebuttal is that counsel spoke briefly about the specifics of these particular petitioners' claims. Of course, the issue before this Court today is a procedural one, and so the merits of these particular claims is not particularly important. Of course, even if this Court finds that these petitioners' claims were not meritorious and could not be amended to state viable causes of action, of course, this Court's decision today is going to affect habeas petitioners in the future who may well have legitimate viable causes of actions to present. Obviously, this Court knows that. I pass it on for what it's worth. Unless this Court has any further questions, that would conclude my argument. I thank your Honors for your consideration today. All right. Thank you, Mr. Fisher, and thank you, Ms. Saunders. Case No. 102-694 and 103-405, Hennings et al. v. Chandler et al. is taken under advisement as Agenda No. 3.